UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

-------------------------------------------------------
In re

    ROBERT R. RADZIKOWSKI               12-13484 B
    PATRICIA A. RADZIKOWSKI


                Debtors                      <u>DECISION & ORDER</u>
-------------------------------------------------------

                Robert R. Radzikowski
                Patricia A. Radzikowski
                325 Davey Street
                Buffalo, New York 14206
                Debtors *pro se*

                Peter D. Grubea, Esq.
                482 Delaware Avenue
                Buffaflo, New York 14202
                Attorneys *pro se*

                Albert J. Mogavero, Esq.
                The Dunn Building
                110 Pearl Street, 6th Floor
                Buffalo, New York 14202
                Chapter 13 Trustee

Bucki, U.S.B.J.

      The present dispute involves the disposition of funds that the Chapter 13 trustee held at the time of entry of an order dismissing this unconfirmed case. Seeking to recover legal fees, the attorneys for the debtors have asserted a right to payment under 11 U.S.C. § 1326(a)(2). A central issue is how to settle the rights of counsel when the retainer agreement fails to resolve payment terms to which the debtors stridently object.

      Sometime in 2012, Robert and Patricia Radzikowski retained the services of the Law Offices of Peter D. Grubea. With counsel's assistance, Mr. and Mrs. Radzikowski then filed a joint petition for relief under Chapter 13 of the Bankruptcy Code on November 13, 2012.

With the debtors' consent, the court thereafter entered an order directing Mr. Radzikowski's employer to withhold a portion of his wages and to remit those sums to the trustee. These withholdings would have sufficed to fund a confirmable plan, if only the creditors had filed claims for the amounts that the debtors had listed in their schedules. Instead, with respect to the debtors' residence, the mortgagee claimed arrears that were significantly greater than anticipated. Ultimately, the debtors declined their consent to the payment increases that would have been necessary to achieve a feasible plan. Consequently, on October 4, 2013, this court granted the trustee's motion to dismiss this case. Although the trustee gave immediate notice of a termination of the wage order, he had already accumulated more than $3,700. In the normal course, the trustee would have returned these funds to the debtor. Before he could effect this distribution, however, the debtor's attorney initiated the present motion to direct the trustee to release $2,000 on account of outstanding legal fees. The trustee himself took no position on this request, but Mr. and Mrs. Radzikowski appeared in person to state their vigorous opposition.

As a general rule, the dismissal of a bankruptcy case "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case." 11 U.S.C. § 349(b)(3). In the present instance, however, the trustee holds only moneys that were withheld from wages earned after the date of bankruptcy filing. Because these assets were not previously vested immediately before commencement of the case, section 349(b)(3) offers no guidance regarding their proper disposition. Rather, we must turn to 11 U.S.C. § 1326(a).

Section 1326(a)(1)(A) of the Bankruptcy Code directs that a debtor in Chapter 13 shall make or arrange periodic payments to a trustee. The following text of 11 U.S.C. §1326(a)(2) then speaks to the distribution of those funds:

> A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as practicable. If a plan is not confirmed, the trustee shall return any such payments not

>    previously paid and not yet due and owing to creditors pursuant
>    to paragraph (3) to the debtor, after deducting any unpaid claim
>    allowed under section 503(b).

Section 503(b) accords administrative status to certain claims, including "compensation and reimbursement awarded under section 330(a) of this title." 11 U.S.C. § 503(b)(2). The Grubea firm contends that its claim for legal fees is allowable under section 330(a), so that the trustee may pay those fees prior to any distribution to the debtor under section 1326(a)(2).

Sections 1326(a)(2) essentially authorizes the trustee to pay a claim for legal fees that have been "allowed." At the time that this court granted an order of dismissal, however, the Grubea firm had not even submitted an application for allowance of its claim. Bankruptcy Courts are divided on whether they can still approve legal fees at this late stage of the current proceeding, that is, subsequent to entry of an order of dismissal. *Compare In re Garris*, 496 B.R. 343 (Bankr. S.D.N.Y. 2013) and *In re Harris*, 258 B.R. 8 (Bankr. D. Idaho 2000) *with In re Lewis*, 346 B.R. 89, 111 (Bankr. E.D. Pa. 2000). We need not decide this issue, however, because the Grubea firm is not here entitled to such payment in the face of client opposition.

The following text of 11 U.S.C. § 330(a)(4)(B) recites the controlling standard for the allowance of legal fees in the instant case:

>    In a chapter 12 or chapter 13 case in which the debtor is an
>    individual, the court may allow reasonable compensation to the
>    debtor's attorney for representing the interests of the debtor in
>    connection with the bankruptcy case based on a consideration of
>    the benefit and necessity of such services to the debtor and the
>    other factors set forth in this section.

Such other considerations would include the time spent and the rates being charged, as well as "all relevant factors." 11 U.S.C. § 330(a)(3). In the present instance, the debtors do not dispute that the Grubea firm provided the legal services for which it now seeks compensation. Although counsel appears not to have maintained time records, the proposed allowance is actually less than the amount cited in the statement of fees that

counsel filed as required under Bankruptcy Rule 2016. Rather, the debtors assert their understanding that any fee balance would be paid only through a confirmed plan. Because no plan was ever confirmed, Mr. and Mrs. Radzikowski believe that their counsel has no right to an allowance under 11 U.S.C. § 330(a) or to a distribution under 11 U.S.C. § 1326(a)(2).

In reviewing an application for fees in a complex case, this court will carefully consider the record of time spent by each professional. *See* 11 U.S.C. §330(a)(3)(A). The typical consumer case is different. Counsel for consumer debtors will frequently not maintain any contemporaneous time records but may instead charge a flat fee that takes into account the risks of collection. For many Chapter 13 cases filed in the Western District of New York, the debtors and their attorneys have agreed that some portion of the legal fee will be paid through the Chapter 13 plan. To the extent that debtors fail to complete a plan, lawyers will generally forgive any outstanding fee balance. Indeed, 11 U.S.C. § 330(a)(4)(b) suggests the reasonableness of this understanding, in as much as the allowance of fees in Chapter 13 is substantially based upon "the benefit . . . of such services to the debtor." Nonetheless, no statute or rule compels any particular fee arrangement. For example, some attorneys may demand a cash retainer sufficient to secure all of the anticipated legal charges. Others may look for payment only through distributions pursuant to a confirmed plan. Ultimately, therefore, the agreement of the parties will establish an applicable protocol for payment.

At the initial hearing on the motion to authorize payment of legal fees, the debtors and their attorney asserted inconsistent views regarding the terms of their agreement. The clients insisted that their payment obligation was subject to the contingency of a plan confirmation that never occurred. Meanwhile, their attorneys claimed an entitlement to reasonable compensation without regard to outcome, especially here where the clients chose to reject the terms of a confirmable plan. Having no reason to question the sincerity of either belief, the court requested submission of any written retainer agreement. By

letter dated February 3, 2014, the Grubea firm provided a ten page document that it had exchanged with the debtors. Unfortunately, nothing in that document speaks to the issue of payment for legal services.

The absence of a well-drafted fee agreement creates a controversy that is at best awkward, and perhaps even troublesome. Mr. and Mrs. Radzikowski retained counsel to represent their interests throughout the bankruptcy process. This process did not end with the order of dismissal, but includes any disposition of moneys in the possession of the trustee. If it had clearly addressed counsel's right to those funds, then the retainer agreement would have served as an authorization or instruction to request payment of fees. Instead, silence on this issue served to invite a contrary instruction, which the debtors clearly expressed when they opposed the payment application. Nor did the Grubea firm ever move to be relieved from their duty of representation. Despite an expectation of vigorous advocacy on their behalf, the debtors were placed into the uncomfortable position of arguing pro se against their own counsel. Until they are relieved as counsel for the debtors, the Grubea firm must represent not themselves but their clients. Accordingly, they are here appropriately estopped from seeking a diversion of funds that the trustee must otherwise release to the debtors.

Even if counsel were not restrained from seeking payment from the trustee, the court would deny the firm's application in the present instance. In the absence of any written fee agreement, we must look to other evidence of an understanding regarding terms of payment. Here, the Grubea firm assisted the debtors in drafting a proposed plan. Paragraph 2(b)(4) of that plan recites that "[p]ayment of legal fees to counsel for the debtor shall be made *on a monthly basis* from funds remaining after payment of trustee compensation, adequate protection payments, and equal monthly installment payments to creditors holding allowed secured claims against personal property" (emphasis added). This arrangement follows the custom and practice for Chapter 13 cases in this district,

namely that unless paid in advance of bankruptcy, legal fees are recoverable only under the terms of a confirmed plan.

As with any fee application, the burden of proof falls upon counsel to demonstrate an entitlement to compensation.  Here, the Grubea firm presents no written agreement that will contradict the debtor's understanding of a contingency for payment through a confirmed plan.  Accordingly, we must sustain the debtors' objection to counsel's request for a release of moneys now on deposit with the trustee.

For the reasons stated herein, the motion of the Grubea firm to compel payment of legal fees is denied.  The trustee may therefore proceed to return the balance of funds to the debtors.

So ordered.

Dated:    Buffalo, New York          s/s   CARL L. BUCKI
          March 20, 2014             Hon. Carl L. Bucki, Chief U.S.B.J.